◼ In the Matter of MARIE-LOUISE CURIEL, Appellant, v MICHAEL CURIEL, Respondent. [694 NYS2d 78] —In a proceeding pursuant to Family Court Act article 6 to suspend or modify the father's visitation rights, the mother appeals from so much of an order of the Family Court, Nassau County (Eisman, J.), dated May 6, 1998, as denied her motion for counsel fees.

Ordered that on the Court's own motion, the appellant's no-

tice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, Family Ct Act § 1112; CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Family Court, Nassau County, for a determination of what would constitute reasonable counsel fees.

The parties were divorced pursuant to a judgment entered August 1, 1996. A stipulation of settlement executed by the parties on January 16, 1996, was incorporated, but not merged into the divorce judgment. Pursuant to the judgment of divorce and stipulation of settlement, the mother was given sole custody of both of the parties' children and the father received visitation rights. The stipulation of settlement also provided that the party who defaulted in the performance of any provision thereof would be responsible for paying to the other party the costs and expenses incurred in connection with a proceeding to enforce the stipulation.

On June 25, 1997, the mother filed petitions in the Family Court, Nassau County, alleging that the father drank to excess in the presence and to the detriment of the parties' children, then ages 10 and 12, and operated a vehicle under the influence of alcohol while the children were passengers. The mother sought modification of the terms of visitation and an order of protection against the father. Eventually, the parties entered into a stipulation dated December 3, 1997, in which the father's visitation rights were modified slightly and it was agreed that he would refrain from drinking alcohol or being under the influence of alcohol in the presence of the children. The stipulation also provided that the mother would submit a motion to direct the father to pay her counsel fees incurred as a result of the proceedings, and that the father could submit opposition papers.

The mother submitted a motion seeking counsel fees in the amount of $6,000. The father opposed this motion and cross moved for an award of counsel fees in his favor. By order dated May 6, 1998, the court denied both the motion and cross motion and directed that each party would be responsible for their own legal fees.

The parties' stipulation of settlement provides that the party who defaults in the performance of any of the provisions of the stipulation is responsible for paying to the successful nondefaulting party the costs and expenses incurred, including attorney fees, in connection with a proceeding to enforce the stip-

ulation. The father does not dispute that he defaulted in the performance of the provision of the stipulation requiring that he provide "responsible adult supervision during all visitation periods", when he drank to excess in the presence of the children and drove a vehicle in which the children were passengers while under the influence of alcohol. Therefore, pursuant to the stipulation he is responsible for paying the reasonable counsel fees incurred by the mother in this proceeding (see, Meehan v Meehan, 245 AD2d 350).

The mother's remaining contentions are rendered academic in light of our determination. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.