■ In the Matter of PETER R. BRACKMAN, Appellant, v JOELLE E. DEBREST, Respondent. [713 NYS2d 879] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (Freeman, J.), dated March 12, 1999, as, after a hearing, (a) dismissed his petition for custody of the parties' son, (b) granted custody of the child to the mother, and (c) granted the mother leave to return with the child to California, and (2) from an order of the same court,

dated May 18, 1999, which granted that same relief, and established a visitation schedule between the father and the child.

Ordered that the appeal from the order dated March 12, 1999, is dismissed, as that order was superseded by the order dated May 18, 1999; and it is further,

Ordered that the order dated May 18, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The custody determination of the hearing court had a sound and substantial basis in the record (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93; *Matter of DiMedio v DiMedio,* 233 AD2d 394).

Contrary to the father's contention, the Family Court's determination that it is in the child's best interests that the mother be permitted to return to California with him is also supported by the record. The mother lived in California with the child before the instant proceeding was commenced, and established that the child's best interests would be served by returning to California (*see, Matter of Spencer v Small,* 263 AD2d 783, 785; *see also, Matter of Tropea v Tropea,* 87 NY2d 727).

The visitation schedule provided by the Family Court is supported by the record (*see, Matter of Lozada v Lozada,* 270 AD2d 422).

The father's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.