■ In the Matter of JOSEPH TITO, Respondent, v GINA TITO, Appellant. [714 NYS2d 117] —In a proceeding pursuant to Family Court Act article 6 to enforce the child visitation provision of a stipulation of settlement dated February 29, 1996, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated May 28, 1999, which denied her motion to vacate an order of the same court, dated December 22, 1998, entered upon her default in appearing at a hearing, granting the father's petition, and awarding him counsel fees in the sum of $4,790.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the mother's motion to vacate the order entered upon her default in appearing at the hearing on December 22, 1998. She failed to offer a reasonable excuse for her decision not to

appear and failed to demonstrate the existence of a meritorious defense to the father's petition (*see, Matter of Violet Crystal F.,* 270 AD2d 163; *Matter of Silverman v Reid,* 259 AD2d 550; *Matter of McCaffrey v McCaffrey,* 210 AD2d 409). Furthermore, pursuant to the stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce, if either party failed to perform his or her obligations under the stipulation, the defaulting party was to indemnify the nondefaulting party for "actual attorney fees" and/or expenses incurred in an enforcement proceeding. Accordingly, upon finding after the hearing that the mother had violated the visitation provisions of the stipulation of settlement, the court properly directed the mother to pay the actual attorney's fees incurred by the father in connection with this proceeding to enforce his visitation rights (*see, Matter of Curiel v Curiel,* 262 AD2d 639; *Zeitlin v Zeitlin,* 250 AD2d 607). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.