■ In the Matter of GAIL TABERNURO, Respondent, v REGINALD JONES, Appellant. [807 NYS2d 606]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of the Family Court, Kings County (Goldstein, R.), dated July 8, 2004, which, after a hearing, inter alia, awarded custody to the mother, permitted the mother to relocate to Florida, and permitted the father only therapeutic, supervised visitation with the child, and only upon presentation of a written plan for such visitation, and (2) an order of the same court (Pearl, J.), dated July 12, 2004, which granted the mother an order of protection directing the father, among other things, to stay away from her and the child, except for court-ordered visitation, until June 7, 2006.

Ordered that the orders are affirmed, without costs or disbursements.

The paramount concern in a custody dispute is to determine the best interests of the child based on a consideration of all of the relevant facts and circumstances (*see* Domestic Relations Law § 70; *Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Vann v Vann*, 14 AD3d 710, 711 [2005]). " 'Since the Family Court's

custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record' " (*Matter of Grossman v Grossman*, 5 AD3d 486, 486-487 [2004], quoting *Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]).

We find no basis in this case to disturb the Family Court's determination that it was in the child's best interests to award custody to the mother, and to permit the mother to relocate with the child to Florida (*see Matter of Tropea v Tropea, supra; Matter of Grossman v Grossman, supra; Matter of Coulter v Scales*, 20 AD3d 475 [2005]).

In addition, based on the evidence in the record, the Family Court properly concluded that the father had committed acts constituting harassment in the second degree in violation of Penal Law § 240.26 (3), which fully supported the issuance of the order of protection in favor of the mother and the child and against him, directing him, inter alia, to stay away from the mother and child, except for court-ordered visitation, for a period of approximately two years. The father's contention that the court should not have relied upon hearsay testimony in making the order of protection is without merit. H. Miller, J.P., Luciano, Fisher and Covello, JJ., concur.