■ In the Matter of SEAN WILSON, Appellant-Respondent, v CAROLINE KILKENNY, Respondent-Appellant. [900 NYS2d 389]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), entered February 25, 2009, as, after a hearing, in effect, denied those branches of his petition which were to hold the mother in contempt for willfully violating provisions of an order of the same court entered May 28, 2004, and for an award of an attorney's fee, and denied his motion to award sole custody of the subject child to him, and the mother cross-appeals, as limited by her brief, from so much of the same order entered February 25, 2009, as denied her cross petition to relocate with the subject child to Ulster County.

Ordered that the order entered February 25, 2009, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying the mother's cross petition to relocate with the subject child to Ulster County and substituting therefor a provision granting the cross petition, and (2) by deleting the provision thereof denying that branch of the father's petition which was for an award of an attorney's fee and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings, before a different Judge, to determine the amount of the attorney's fee to be awarded to the father and to establish an appropriate post-relocation visitation schedule for the father; and it is further,

Ordered that pending further order of the Family Court, Westchester County, the father shall have visitation on alternate

weekends from Friday at 7:00 P.M. until Sunday at 6:00 P.M., or other times as the parties may agree, with the mother transporting the child to the father's residence in Brooklyn, New York, and the father returning the child to the maternal grandmother's residence in Yonkers, New York, or as the parties may otherwise agree.

"When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Said v Said*, 61 AD3d 879, 881 [2009]). "Although each custodial parent's request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements" (*Matter of Said v Said*, 61 AD3d at 881; *see Matter of Tropea v Tropea*, 87 NY2d 727, 738-739 [1996]). Upon weighing these factors, we find that the mother established that the child's best interests would be served by permitting the requested relocation (*see Mathie v Mathie*, 65 AD3d 527, 530-531 [2009]; *Matter of Said v* Said, 61 AD3d at 881; *Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 556 [2007]; *Harmon v Harmon*, 254 AD2d 456, 457 [1998]).

However, the father is entitled to an award of an attorney's fee. The mother violated the parties' stipulation of settlement by relocating outside of Westchester County without prior written consent of the father or court order (*see Sieratzki v Sieratzki*, 8 AD3d 552, 553-554 [2004]; *Matter of Tito v Tito*, 276 AD2d 559, 560 [2000]; *Matter of Curiel v Curiel*, 262 AD2d 639, 640-641 [1999]; *White v Gordon*, 258 AD2d 519 [1999]). Pursuant to the parties' stipulation of settlement, the mother, as the breaching party, is required to indemnify the father for all reasonable costs and expenses, including an award of an attorney's fee, incurred in enforcing his rights under the stipulation (*see Sieratzki v Sieratzki*, 8 AD3d at 553-554; *Matter of Tito v Tito*, 276 AD2d at 560; *Matter of Curiel v Curiel*, 262 AD2d at 640-641; *Matter of White v Gordon*, 258 AD2d at 519). Although the mother continued to afford the father regular and meaningful access to the child, her breach nevertheless contractually obligates her to pay the father a reasonable attorney's fee (*see Sieratzki v Sieratzki*, 8 AD3d at 554).

In light of several insensitive and intemperate remarks made by the hearing judge, we remit the matter to the Family Court, Westchester County, before a different judge, to determine a reasonable amount to award to the father as an attorney's fee (*see Santora v Nicolini*, 237 AD2d 504, 506 [1997]), and to establish an appropriate postrelocation visitation schedule for the father (*see Mathie v Mathie*, 65 AD3d at 532).

The remaining contentions of the father and the attorney for the child are without merit. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.