■ In the Matter of TAMIKA COLLINS, Respondent, v JEFFREY BOGART, Appellant. [909 NYS2d 388]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered August 4, 2009, which, after a hearing, granted the mother's petition for permission to relocate with the parties' child to North Carolina.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court's determination that the mother's proposed relocation to North Carolina is in the best interests of the subject child is supported by a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727, 739-742 [1996]; Aziz v Aziz, 8 AD3d 596, 597 [2004]). The mother demonstrated that she will have a larger network of support in North Carolina than in New York, and that the move will provide the subject child with economic, emotional, and educational benefits. We recognize that "[d]espite the multitude of factors that may properly be considered in the context of a relocation petition, 'the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern' " (Matter of Martino v Ramos, 64 AD3d 657, 657-658 [2009], quoting Matter of Tropea v Tropea, 87 NY2d at 739). However, in this particular case, although such concerns are present, they do not outweigh the other factors involved. Accordingly, the Family Court's determination should not be disturbed. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.