In the Matter of ROGER W. CLARKE, Respondent, v TAMMY BOERTLEIN, Appellant. [919 NYS2d 51]—

The parties are the parents of three children, ages 10, 6, and 4. In August 2008 the mother removed the children from their home in Yaphank, New York, and moved to Bellefonte, Pennsylvania, where one of her sisters resided, allegedly to escape the father's domestic violence. The mother obtained an order of protection and temporary custody from a court in Pennsylvania. In November 2008 the mother reconciled with the father and returned with the children to New York, only to leave with the children again to Pennsylvania in April 2009.

The father then commenced this proceeding in the Supreme Court, Suffolk County (IDV Part), seeking custody of the children. The mother moved for an award of custody and permission to relocate with the children to Pennsylvania. After a hearing, the Supreme Court awarded the mother custody, but denied her request for permission to relocate with the children to Pennsylvania. The mother appeals.

The disposition of a petition for permission to relocate with minor children rests upon a determination of the best interests

of the children (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Collins v Bogart*, 77 AD3d 940 [2010]; *Matter of Otero v Nieves*, 77 AD3d 756 [2010]; *Matter of Tabernuro v Jones*, 23 AD3d 667 [2005]; *Matter of Brackman v Debrest*, 276 AD2d 483 [2000]). Moreover, ''[d]espite the multitude of factors that may properly be considered in the context of a relocation petition, the impact of the move on the relationship between the child[ren] and the noncustodial parent will remain a central concern'' (*Matter of Collins v Bogart*, 77 AD3d at 940 [internal quotation marks omitted], quoting *Matter of Martino v Ramos*, 64 AD3d 657, 657-658 [2009], quoting *Matter of Tropea v Tropea*, 87 NY2d at 739). This Court's authority in relocation determinations is as broad as that of the hearing court (*see Matter of McGee v McGee*, 224 AD2d 832, 835 [1996]; *see generally Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we ''would be seriously remiss if, simply in deference to the finding of [the hearing court]'' (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]), we allowed a relocation determination to stand where it lacks a sound and substantial basis in the record (*see Matter of Hissam v Mancini*, 80 AD3d 802, 804 [2011]; *Matter of Collins v Bogart*, 77 AD3d at 940; *see generally Matter of Larkin v White*, 64 AD3d 707, 708-709 [2009]).

Upon our review of the record, we find that the Supreme Court's determination to deny the mother permission to relocate with the children to Pennsylvania lacks a sound and substantial basis in the record. The record demonstrates that the mother has at all times served as the primary caregiver to the children and has displayed a continued commitment to their needs, whereas the father showed little involvement with the children when the parties lived together. The Supreme Court failed to give enough weight to the mother's allegations of domestic violence, often in the presence of the children, which permeated the parties' relationship and caused the mother to remove herself and the children from the parties' home. While the father denied that there was any domestic violence in the home, the Supreme Court noted that the father exhibited his temper during the course of the hearing when he left the witness stand while yelling at the mother's attorney. The father also admitted that he engaged in harassing and intimidating behavior after the mother left, such as calling the mother's cell phone numerous times each day, questioning the oldest child as to the mother's whereabouts, and placing a tracking device on the mother's car.

Contrary to the Supreme Court's finding and the assertion of

the attorney for the children, the mother's move to Pennsylvania does not appear to have been motivated by bad faith but, rather, was an opportunity to escape domestic violence in the home, to reside in close proximity to supportive family members, and to secure affordable housing. The mother testified as to her unsuccessful attempts to obtain affordable housing on Long Island, and compared those attempts to her ability to secure a suitable rental home in Pennsylvania near where her sister resides with her family and the maternal grandmother. Testimony also revealed that the children were adapting well to their new surroundings, and were living with their half-brother in close proximity to their aunt and maternal grandmother, and that the two oldest children were attending school and receiving educational services. In contrast, the record suggests that the father opposed the relocation in order to harass the mother and in order to keep the mother in close proximity to facilitate his efforts to reconcile with her (see Matter of Sara ZZ. v Matthew A., 77 AD3d 1059, 1060-1061 [2010]).

Although the mother's relocation will inevitably have an impact upon the father's ability to spend time with his children, a liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and children (see Malcolm v Jurow-Malcolm, 63 AD3d 1254, 1257-1258 [2009]; Bruno v Bruno, 47 AD3d 606 [2008]; Matter of Cooke v Alaimo, 44 AD3d 655 [2007]). Such visitation will further allow the children to spend meaningful time with their paternal grandmother, with whom they have a good relationship.

Under the totality of the circumstances, we find that the hearing testimony established that the children's best interests would be served by permitting the mother to relocate to Pennsylvania. Therefore, we remit the matter to the Supreme Court, Suffolk County (IDV Part), for a hearing to establish a postrelocation visitation schedule (see Matter of Wisloh-Silverman v Dono, 39 AD3d 555 [2007]).

We note that the relocation of the children to Pennsylvania should be scheduled so as to minimize any interference with the children's school year. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.