In the Matter of ANTHONY C. JENNINGS, Respondent, v MASIREE YILLAH-CHOW, Appellant. [924 NYS2d 519]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Gruebel, J.), dated May 27, 2010, as, after a hearing, denied her cross petition to modify a prior custody order dated March 19, 2007, by permitting her to relocate with the subject children to Maryland.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the mother's cross petition is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings to establish an appropriate postrelocation visitation schedule for the father.

"The disposition of a petition for permission to relocate with minor children rests upon a determination of the best interests of the children" (*Matter of Clarke v Boertlein*, 82 AD3d 976, 976-977 [2011]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Wilson v Kilkenny*, 73 AD3d 796, 797 [2010]). "Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests" (*Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]; *see Matter of Harrsch v Jesser*, 74 AD3d 811, 812 [2010]). When evaluating whether a proposed move will be in the child's best interests, the factors to be considered "include, but are certainly not limited to each

parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741). Although the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of the hearing court, we allowed a relocation determination to stand where it lacks a sound and substantial basis in the record (*see Matter of Clarke v Boertlein*, 82 AD3d 976 [2011]). Moreover, in relocation determinations, our authority is as broad as that of the hearing court (*id.*).

Here, the mother established that the children's best interests would be served by permitting the requested relocation (*see Matter of Wilson v Kilkenny*, 73 AD3d at 797). In seeking to relocate with the subject children from Brooklyn to Laurel, Maryland, the mother testified that she wanted to provide them with a "better life" (*see Matter of Clarke v Boertlein*, 82 AD3d 976 [2011]). The mother stated that she wanted to move the children away from the gun violence and drug-dealing occurring in her Brooklyn neighborhood. In Maryland, the mother rents a two-bedroom apartment in a complex that includes amenities such as a swimming pool, volleyball court, and soccer and barbeque areas. Her apartment is only a short distance from an elementary and middle school that her children can attend, and the middle school is equipped to handle the older child's special needs. Currently, the older child is attending a school that requires him to travel up to four hours round trip. The mother testified as to past instances where the father struck her and the older child, which the court credited. In addition, the position of the Attorney for the Children is that relocation is in the children's best interests, which, since not contradicted by the record, is entitled to some weight (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338 [2010]; *Matter of Wisloh-Silverman v Dono*, 39 AD3d 555, 557 [2007]). Although the mother's relocation will inevitably have an impact upon the father's ability to spend time with the children, a liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the children (*see Matter of Clarke v Boertlein*, 82 AD3d 976 [2011]).

Accordingly, the mother's cross petition should be granted, and the matter remitted to the Family Court, Kings County, for further proceedings to establish a post-relocation visitation schedule. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.