In related child custody and family offense proceedings, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Woods, J.), entered April 4, 2011, as, after a hearing, in effect, denied that branch of her amended petition which was for leave to relocate with the child to Auburn, New York, and conditioned the award of sole custody of the child to her upon her residing in Orange County and the child maintaining his enrollment in the MonroeWoodbury School District, and the father cross-appeals from so much of the same order as, in effect, granted that branch of the mother’s amended petition which was to modify the parties’ amended stipulation of settlement dated March 1, 2003, which was incorporated but not merged into the parties’ “supplemental judgment of divorce” entered April 22, 2003, to award her sole custody of the parties’ child, and denied his petition for custody of the child.
Ordered that the order is reversed insofar as appealed from, on the facts, that branch of the mother’s amended petition which was for leave to relocate with the child to Auburn, New York, is granted and the matter is remitted to the Family Court, Orange County, to establish a new visitation schedule; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
*614 Ordered that one bill of costs is awarded to the mother.
A custody or visitation order may be modified only “upon a showing that there has been a subsequent change of circumstances and modification is required” (Family Ct Act § 467 [b] [ii]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004] ; Galanti v Kraus, 85 AD3d 723, 724 [2011]; Matter of Awan v Awan, 63 AD3d 733, 734 [2009]; Matter of Sullivan v Sullivan, 40 AD3d 865, 866 [2007]). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (see Matter of Wilson v McGlinchey, 2 NY3d at 380-381; Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 96 [1982]; Messinger v Messinger, 16 AD3d 562, 563 [2005] ).
Here, the Family Court properly found that there was a change of circumstances sufficient, in effect, to grant that branch of the mother’s amended petition which was to modify the parties’ amended stipulation of settlement to award her sole custody of the parties’ child. After the amended stipulation of settlement transferred primary custody to the father, the mother moved in with the father and continued to serve as the child’s primary caregiver for several years (see Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1101 [2007]). Moreover, the best interests of the child would be served by awarding sole custody to the mother. In addition to the evidence that the mother had been, in effect, the primary caregiver throughout the child’s life, the father has had limited involvement in the child’s life due, in large part, to the father’s unusual work schedule (see Matter of Wilson v McGlinchey, 2 NY3d at 381). In addition, the Family Court found credible the mother’s allegations that the father engaged in incidents of alcohol-induced domestic violence against her (see Domestic Relations Law § 240 [1]; Costigan v Renner, 76 AD3d 1039 [2010]; Matter of Wissink v Wissink, 301 AD2d 36 [2002]). In these circumstances, the Family Court properly awarded sole custody to the mother.
However, the determination by the Family Court to condition the custody award on the mother residing in Orange County to ensure that the child could stay in his current school district and to deny that branch of the mother’s amended petition which was for leave to relocate with the child to Auburn, New York, lacks a sound and substantial basis in the record. The disposition of a petition for permission to relocate with a minor child rests upon a determination of the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; Matter of Collins v Bogart, 77 AD3d 940 [2010]; Matter of Otero v Nieves, *615 77 AD3d 756 [2010]; Matter of Tabernuro v Jones, 23 AD3d 667 [2005]). Moreover, “[d] espite the multitude of factors that may properly be considered in the context of a relocation petition, ‘the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern’ ” (Matter of Martino v Ramos, 64 AD3d 657, 657-658 [2009], quoting Matter of Tropea v Tropea, 87 NY2d at 739; see Matter of Collins v Bogart, 77 AD3d at 940). Our authority in relocation determinations is as broad as that of the hearing court (see Matter of Clarke v Boertlein, 82 AD3d 976 [2011]; Matter of McGee v McGee, 224 AD2d 832, 835 [1996]), and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we “would be seriously remiss if, simply in deference to the finding of [the hearing court]” (Matter of Gloria S. v Richard B., 80 AD2d 72, 76 [1981]), we affirmed the court’s denial of relocation where such denial lacks a sound and substantial basis in the record (see Matter of Clarke v Boertlein, 82 AD3d at 977; Matter of Hissam v Mancini, 80 AD3d 802, 804 [2011]; Matter of Collins v Bogart, 77 AD3d at 940).
As noted above, the record here shows that the mother has been the primary caregiver throughout the child’s life, while the father has had limited involvement in the child’s day-to-day care. In addition, even when the child has lived only with the father, primary care has fallen to the father’s relatives, such as the father’s aunt and the child’s paternal grandmother. Additionally, the Family Court failed to give enough weight to the mother’s allegations of domestic violence, often in the child’s presence, even though it credited those allegations. Moreover, the mother, whose income was limited to Social Security disability payments, testified that she could not afford to live in the Monroe-Woodbury School District, as required by the Family Court. Furthermore, the mother expressed a willingness to provide liberal visitation to the father and to drive the child to visit with the father. Indeed, the evidence showed that the mother had previously been flexible and open to facilitating contact between the father and the child. Moreover, the mother’s move was motivated by a desire to escape domestic violence, to reside closer to her extended family who could provide financial and emotional support, and to secure affordable housing.
Although the mother’s relocation will inevitably have an impact upon the father’s ability to spend time with the subject child, a liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continu *616 ation of a meaningful relationship between the father and the child (see Matter of Clarke v Boertlein, 82 AD3d at 978; Malcolm v Jurow-Malcolm, 63 AD3d 1254, 1257-1258 [2009]; Bruno v Bruno, 47 AD3d 606 [2008]; Matter of Cooke v Alaimo, 44 AD3d 655 [2007]). Under the totality of the circumstances, the hearing testimony established that the child’s best interests would be served by permitting the mother to relocate with the child to Auburn, New York. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.