■ In the Matter of CHRISTOPHER WOFFORD, Respondent, v TATIANA MARQUARDT, Appellant. [961 NYS2d 222]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Katz, J.), dated January 24, 2012, which, after a hearing, denied her petition to modify a prior order of the same court (Sheares, J.), dated December 10, 2009, entered upon a stipulation of the parties, awarding her sole custody of the child, so as to approve her relocation with the child to California.

Ordered that the order dated January 24, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition is granted, and the matter

is remitted to the Family Court, Kings County, for further proceedings to establish an appropriate liberal visitation schedule for the father.

The disposition of a petition for authorization to relocate with a minor child rests upon a determination of the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]). In reaching such determinations, our authority is as broad as that of the hearing court, and "we would be seriously remiss if, simply in deference to the finding of the hearing court, we allowed a relocation determination to stand where it lacks a sound and substantial basis in the record" (*Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]).

In this case, the mother established that the subject child's best interests would be served by approving her relocation from Brooklyn to California. Accordingly, we reverse the order appealed from, grant the mother's petition to modify a prior order of the Family Court so as to approve her relocation with the child to California, and remit the matter to the Family Court, Kings County, for further proceedings to establish an appropriate liberal visitation schedule for the father. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.

Motion by the attorney for the child on an appeal from an order of the Family Court, Kings County, dated January 24, 2012, to strike stated portions of the respondent's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated December 13, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted, and those portions of the respondent's brief that are the subject of the motion are deemed stricken and have not been considered in the determination of the appeal. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.