*1047 In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Joseph, J), dated March 22, 2012, which, after a hearing, denied her petition for permission to relocate with the subject children to Florida.
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother’s petition to relocate with the subject children to Florida is granted, and the matter is remitted to the Family Court, Kings County, for a hearing to establish an appropriate postrelocation visitation schedule for the father and for the paternal grandmother, in accordance herewith.
Although “the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of [the hearing court], we allowed a relocation determination to stand where it lacks a sound and substantial basis in the record” (Matter of Clarke v Boertlein, 82 AD3d 976, 977 [2011] [internal quotation marks and citation omitted]). Moreover, in relocation determinations, our authority is as broad as that of the hearing court (see Matter of Eddington v McCabe, 98 AD3d 613, 615 [2012]; Matter of Jennings v Yillah-Chow, 84 AD3d 1376, 1377 [2011]; Matter of Clarke v Boertlein, 82 AD3d at 977).
After weighing the appropriate factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 739-741 [1996]), we find that the mother established by a preponderance of the evidence that the children’s best interests would be served by permitting the relocation (see Matter of Wisloh-Silverman v Dono, 39 AD3d 555, 556 [2007]).
The mother demonstrated that she could not meet the family’s living expenses in New York and that the father did not make regular child support payments (see Matter of Harrsch v Jesser, 74 AD3d 811, 812 [2010]). She also demonstrated that, if permitted to relocate, she would accept an offer of employment in her field of experience, and would receive financial assistance, including housing and a car, from extended family members (id. at 812; Matter of Hamed v Hamed, 88 AD3d 791, 791-792 [2011]). The desires of the children, while properly considered, are not determinative (see Matter of Harrsch v Jesser, 74 AD3d at 812; Matter of Gonzalez v Gonzalez, 15 AD3d 481, 483 [2005]; Matter of Coulter v Scales, 20 AD3d 475, 476 [2005]).
The contention that the mother would not honor the visitation schedule after the move is not supported by the record (see Matter of Wisloh-Silverman v Dono, 39 AD3d at 557).
*1048 Although the mother’s relocation will inevitably have an impact upon the father’s ability to spend time with the children, a liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the children (see Matter of Tropea v Tropea, 87 NY2d at 742; Matter of Jennings v Yillah-Chow, 84 AD3d at 1377). Likewise, an appropriate visitation schedule will allow the children to spend meaningful time with their paternal grandmother, with whom they have a good relationship (see Matter of Clarke v Boertlein, 82 AD3d at 978).
Mastro, J.R, Rivera, Sgroi and Cohen, JJ., concur.