◼ In the Matter of CYNTHIA M. DAVIS, Respondent, v DERRICK J. OGDEN, Appellant. [970 NYS2d 317]—

In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Posner, J.), entered July 31, 2012, which, after a hearing, granted the mother's petition to relocate with the parties' two children to Florida.

Ordered that the order is affirmed, without costs or disbursements.

A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (*see Bjornson v Bjornson*, 38 AD3d 816 [2007]). In determining whether relocation is appropriate, the court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, and each parent's motives for seeking or opposing the move (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]). In assessing these factors, "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (*id.* at 738; *see Matter of Maraj v Gordon*, 102 AD3d 698, 698 [2013]). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d at 741).

Contrary to the father's contention, the record contains a sound and substantial basis for the Family Court's determination that the mother's relocation to Florida would be in the best interests of the parties' children. The Family Court found cred-

ible the mother's testimony at trial that, if she were permitted to relocate with the children to Florida, the children's quality of life would be significantly improved on a day-to-day basis because the cost of living would be less than it is in New York, where she was struggling financially, and the mother would have several close family members in the vicinity of her new home to offer her support. Significantly, it was undisputed that the mother was the children's primary caregiver, and that the father was minimally involved in the children's lives. In the previous year, the father had missed several visits, and had seen the children approximately 10 times for a total of 30 hours. He did not attend any of the children's extracurricular activities, communicate with their teachers, or schedule or attend their medical appointments, and he rarely initiated phone contact (*see Matter of Eddington v McCabe*, 98 AD3d 613 [2012]; *cf. Matter of Perau v Ross*, 106 AD3d 1013 [2013]; *Matter of Retamozzo v Moyer*, 91 AD3d 957 [2012]; *Matter of Raffa v Raffa*, 96 AD3d 855 [2012]). Moreover, the position of the attorney for the children was in favor of the relocation (*see Matter of Caravella v Toale*, 78 AD3d 828, 828 [2010]). Accordingly, under the totality of the circumstances, we find that there is no basis to disturb the Family Court's determination (*see Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see also Matter of Tracy A.G. v Undine J.*, 105 AD3d 1046, 1047 [2013]). Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.