█ In the Matter of JESSICA M. RIVERA, Respondent, v MIGUEL CRUZ, Appellant. [39 NYS3d 238]—

Appeal by the father from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated September 10, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition for permission to relocate to Georgia with the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In an order entered October 25, 2012, the mother and the father consented to joint legal custody of their child, with the mother having physical custody and final decision-making authority. On May 29, 2014, the mother filed a petition seeking to relocate with the child to Georgia. The father opposed the petition and on July 23, 2014, he filed a cross petition for physical custody of the child. Following a hearing on the petition and cross petition, the Family Court granted the petition and denied the cross petition. The father appeals only insofar as the court granted the mother's petition to relocate with the child to Georgia.

Contrary to the father's contentions, there is no basis to disturb the credibility determinations of the Family Court (*see Matter of Zeis v Slater*, 57 AD3d 793, 793-794 [2008]), and the mother established by a preponderance of the evidence that her relocation was in the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). The mother demonstrated that relocation was the result of economic necessity and that it would enhance the child's life economically, educationally, and emotionally (*see id.* at 740-741; *Matter of Davis v Ogden*, 109 AD3d 539, 540 [2013]; *Matter of Clarke v Boertlein*, 82 AD3d 976, 977 [2011]). The evidence demonstrated

that the mother was the child's primary care giver and that she was committed to meeting the child's needs, whereas the father demonstrated little involvement in the child's daily life and exhibited a lack of understanding with respect to the child's behavioral and mental health issues. Moreover, although relocation will have an inevitable impact on the father's ability to spend time with the child, a liberal visitation schedule, including extended summer visits and visits during school vacations, will allow for a continuation of a meaningful relationship between the father and the child (*see Matter of Clarke v Boertlein*, 82 AD3d at 978; *Matter of Harrsch v Jesser*, 74 AD3d 811, 812 [2010]).

Accordingly, the Family Court properly granted the mother's petition to relocate to the State of Georgia with the child. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.