Matter of Scotto v Alexander (2024 NY Slip Op 05348)

Matter of Scotto v Alexander

2024 NY Slip Op 05348

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-01165
 (Docket Nos. V-3297-16/21D, V-3298-16/21)

[*1]In the Matter of Christopher M. Scotto, appellant,
v
Brandy Alexander, respondent.

Law Office of Robert G. Venturo, P.C., Patchogue, NY (Kevin Gebhart of counsel), for appellant.
Warren S. Hecht, Forest Hills, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated January 13, 2023. The order, after a hearing, denied the father's petition to modify a so-ordered stipulation of settlement dated April 18, 2017, so as to permit him to relocate with the parties' children to South Carolina.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition to modify the so-ordered stipulation of settlement dated April 18, 2017, so as to permit him to relocate with the parties' children to South Carolina is granted, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate post-relocation parental access schedule for the mother.
The parties, who were never married, are the parents of two children, born in 2012 and 2016, respectively. Pursuant to a so-ordered stipulation of settlement dated April 18, 2017 (hereinafter the so-ordered stipulation), the parties agreed that the father would have sole legal and residential custody of the children, with supervised parental access to the mother. In November 2021, the father filed a petition to modify the so-ordered stipulation so as to permit him to relocate with the children to South Carolina. After a hearing, the Family Court denied the father's petition. The father appeals.
"A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Quinn v Quinn, 134 AD3d 688, 689; see Matter of Tropea v Tropea, 87 NY2d 727, 741). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (Matter of Banks v DeLeon, 174 AD3d 598, 599, quoting Matter of Tropea v Tropea, 87 NY2d at 740-741). "In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is [*2]supported by a sound and substantial basis in the record" (Matter of Caruso v Cruz, 114 AD3d 769, 771-772; see Matter of Hall v Hall, 118 AD3d 879, 881).
Here, the Family Court's determination to deny the father permission to relocate with the children to South Carolina lacks a sound and substantial basis in the record. The father's testimony demonstrated that he was unable to continue renting his grandmother's house in New York, where he and the children had been residing, and that the mother provided only $25 per month in child support for both children (see Matter of Tracy A.G. v Undine J., 105 AD3d 1046, 1048; Matter of Harrsch v Jesser, 74 AD3d 811, 812). The father's testimony also demonstrated that, if permitted to relocate, he would be able to obtain employment in his field of experience with at least the same salary as he earned in New York and that his living expenses would be lower in South Carolina than they were in New York (see Matter of Tracy A.G. v Undine J., 105 AD3d at 1048). Additionally, the father would have support from extended family in South Carolina, including the paternal grandmother, a certified behavioral analyst and special education administrator who has assisted the father in addressing one of the children's special needs (see Matter of Martinez v Driscoll, 209 AD3d 653, 655).
With respect to the mother's relationship with the children, the hearing testimony demonstrated that the father has been the children's primary caregiver since 2017 and that the mother was not involved in the children's day-to-day lives, education, or healthcare (see Matter of Thomas v Mobley, 206 AD3d 743, 746; Matter of Turvin v D'Agostino, 152 AD3d 610, 612). Although the father's relocation will have an impact upon the mother's ability to spend time with the children, the Family Court can fashion an appropriate parental access schedule that will allow the mother to foster a relationship with the children (see Matter of Hall v Hall, 118 AD3d at 881).
Upon weighing the relevant factors (see Matter of Tropea v Tropea, 87 NY2d at 739-741), we find that the father established that it would be in the children's best interests to permit him to relocate with the children to South Carolina. Accordingly, we reverse the order appealed from, grant the father's petition, and remit the matter to the Family Court, Suffolk County, to establish an appropriate post-relocation parental access schedule for the mother.
The father's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court