■ In the Matter of Frank Manfredo, Respondent, v Nerissa Manfredo, Now Known as Nerissa Hoffmann, Appellant. [861 NYS2d 399]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Suffolk County (Lynaugh, J.), dated October 15, 2007, which, after a hearing, inter alia, granted the father's petition to modify the parties' judgment of divorce to award him sole custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

In a stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce dated April 19, 2001, the parties agreed to joint custody of their daughter, with shared residential custody. The instant proceeding was commenced on or about August 28, 2006 when the father sought to modify the parties' judgment of divorce to award him sole custody of their daughter.

"A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest" (*Matter of Shehata v Shehata*, 31 AD3d 773, 773 [2006]; *see* Family Ct Act § 652 [a]; *Matter of Sharma v Sharma*, 35 AD3d 746 [2006]; *Matter of Rawlins v Barth*, 21 AD3d 495 [2005]). Here, the father adduced evidence that on the morning of December 20, 2005 the mother's husband brought the then-14-year-old child to the father's home following an argument and that the child did not wish to visit with the mother or return to the mother's home (*see e.g. Matter of Shehata v Shehata*, 31 AD3d 773 [2006]). Further, there was evidence that the relationship between the mother and the child had deteriorated to the extent that the mother and the child engaged in verbal and physical altercations.

"Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006] [internal quotation marks omitted]; *see Nicholas T. v Christine T.*, 42 AD3d 526 [2007]). Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the

record (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Shehata v Shehata*, 31 AD3d 773, 774 [2006]). Contrary to the mother's contention, there is sound support in the record for the court's determination that an award of sole custody to the father was in the child's best interest. "While the express wishes of the child are not controlling, they are entitled to great weight, particularly where the child's age and maturity would make his or her input particularly meaningful" (*Matter of McMillian v Rizzo*, 31 AD3d 555 [2006]; *see Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]; *Matter of Kocowicz v Kocowicz*, 306 AD2d 285 [2003]).

Moreover, the Family Court properly determined that joint custody of the parties' child was no longer a viable option in this case due to the animosity between the parties (*see Bliss v Ach*, 56 NY2d 995 [1982]; *Braiman v Braiman*, 44 NY2d 584, 587 [1978]; *Matter of Garcia v Scruggs*, 44 AD3d 660 [2007]).

Contrary to the mother's contention, the attorney for the child, in addition to the other attorneys in this matter, properly submitted a written summation based upon the facts adduced at the hearing. Moreover, the attorney for the child did not breach her ethical obligations (*see* 22 NYCRR 7.2 [b]) and properly advocated the position of the child to the court.

The mother's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.