■ In the Matter of WAHED SAID, Respondent, v BRINDUSA SAID, Appellant. (Proceeding No. 1.) In the Matter of BRINDUSA SAID, Appellant, v WAHED SAID, Respondent. (Proceeding No. 2.) [878 NYS2d 384]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (C. Singer, J.), dated December 17, 2007, which, after a hearing, in effect, granted the father's petition, inter alia, to modify the custody provisions of a stipulation of settlement which was incorporated but not merged into a judgment of divorce dated December 8, 1998, awarding her sole custody of the subject children, so as to award him sole custody of the subject children, and denied her petition, among other things, for permission to relocate with the subject children to Pennsylvania.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition is denied, the mother's petition is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings to establish an appropriate visitation schedule for the father; and it is further,

Ordered that pending further order of the Family Court, Nassau County, the father shall have visitation on alternate weekends from Friday at 6:00 P.M. until Sunday at 6:00 P.M., or other times as the parties may agree, with the mother transporting the children to Liberty State Park for pick-up and drop-off.

Where, as here, parents enter into an agreement concerning custody, that agreement will not be modified unless there is a sufficient change in circumstances since the time of the stipulation, and unless modification of the custody arrangement is in the best interests of the children (*see Matter of Manfredo v Manfredo,* 53 AD3d 498, 499 [2008]; *Matter of Joseph F. v Patricia F.,* 32 AD3d 938, 938-939 [2006]; *Matter of Rawlins v Barth,* 21 AD3d 495 [2005]). In assessing whether a change in circumstances warrants a modification of the custody arrangement, relevant considerations include whether the change in circumstances implicates the fitness of the custodial parent, or affects the nature and quality of the relationship between the children and the noncustodial parent (*see Matter of Joseph F. v Patricia F.,* 32 AD3d at 939).

Custody determinations are ordinarily a matter of discretion for the hearing court, and the court's determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Manfredo v Manfredo,* 53 AD3d at 499-500; *Matter of Joseph F. v Patricia F.,* 32 AD3d at 939). We conclude that the Family Court's determination to transfer custody of the subject children from the mother to the father is not supported by a sound and substantial basis in the record. As the mother and the attorney for the children contend, in light of the ages and maturity of the children, their clearly expressed preferences to live with the mother, although not controlling, are entitled to great weight (*see Matter of Manfredo v Manfredo,* 53 AD3d at 500). In addition, the evidence at the hearing showed that the children have been in the custody of the mother for most of their lives, that she is a fit parent, and that the children have thrived in her care (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Furthermore, although the Family Court expressed a concern that the mother and her fiancé had, and would continue to, "undermine[ ]" the father's relationship with the children, the evidence showed that the mother and her

fiancé fostered the father's visitation with the children, who enjoyed a good relationship with the father.

The court's determination to deny the mother permission to relocate with the children to Pennsylvania also lacks a sound and substantial basis in the record and, thus, cannot be upheld. Although each custodial parent's request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements (*see Matter of Tropea v Tropea,* 87 NY2d 727, 738-739 [1996]). Upon weighing these factors, we find that the mother established that the children's best interests would be served by permitting the relocation, which will, among other things, still permit the children to have a meaningful relationship with the father (*see Matter of Cooke v Alaimo,* 44 AD3d 655 [2007]; *Matter of Wisloh-Silverman v Dono,* 39 AD3d 555, 556-557 [2007]; *Matter of Vega v Pollack,* 21 AD3d 495, 497 [2005]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.