■ In the Matter of SHELDON ANTONIO STEADMAN, Respondent, v TANYA NATHALIE ROUMER, Appellant. [916 NYS2d 796]—

In a visitation proceeding pursuant to Family Court Act article 6 in which the father petitioned, in effect, to prohibit the mother from relocating to Texas with the parties' child in accordance with an order of the Family Court, Suffolk County (Kelley, J.), dated May 4, 2007, entered upon the consent of the parties, and in which the mother cross-petitioned for permission to relocate with the child to Texas and to modify the order dated May 4,

2007, the mother appeals from an order of the same court (Orlando, R.), dated February 1, 2010, which, after a hearing, granted the father's petition and denied her cross petition.

Ordered that the order dated February 1, 2010, is affirmed, without costs and disbursements.

When reviewing a custodial parent's request for permission to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]). Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests (*see Matter of Martino v Ramos*, 64 AD3d 657 [2009]). When evaluating whether a proposed move will be in a child's best interests, the factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741).

Here, the record contains a sound and substantial basis for the Family Court's denial of the mother's cross petition which was for permission to relocate to the State of Texas with the parties' child (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]). The mother failed to demonstrate by a preponderance of the evidence that relocation to Texas was in the best interests of the child (*see Matter of Arroyo v Thompson*, 63 AD3d 921 [2009]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.