■ In the Matter of QURA TUL AIN HAMED, Respondent, v ATA ULHAYEE HAMED, Appellant. [930 NYS2d 654]—

"When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Said v Said*, 61 AD3d 879, 881 [2009]). "Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests" (*Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]). "Although each custodial parent's request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relation-

ships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements" (*Matter of Said v Said*, 61 AD3d at 881; *see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). In relocation determinations, this Court's authority is as broad as that of the hearing court (*see Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]). Thus, a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record (*see Matter of Clarke v Boertlein*, 82 AD3d 976, 977 [2011]).

Upon weighing the relevant factors, we conclude that the Family Court's determination has a sound and substantial basis in the record. The mother sought permission to relocate to Georgia with the subject child and her extended family. The mother noted that, with the exception of a brief period during which she lived with the father, she has always lived with her extended family and relied on their assistance. Without their support, the mother, a cosmetologist, would have to work two or three jobs and place the child in daycare. The move would allow the child to continue the relationships he has formed with his extended family since moving in with them in March 2004 (*see Matter of Collins v Bogart*, 77 AD3d 940 [2010]). The father, who had not been fully exercising his visitation rights, was not intimately involved in the child's life, and was a five-hour car drive away from him, will be able to maintain a meaningful relationship with the child through the post-relocation visitation schedule established by the Family Court (*see Matter of Jennings v Yillah-Chow*, 84 AD3d at 1377). In addition, the position of the attorney for the child is that relocation is in the best interests of the child, which, since not contradicted by the record, is entitled to some weight (*id.*; *Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010]). Accordingly, the mother's petition was properly granted. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.