In the Matter of JAMES M. DiCiacco, Respondent, v PAMELA J. DiCiacco, Appellant. [932 NYS2d 714]—

"When parties enter into stipulations resolving custody issues, those stipulations 'will not be modified unless there is a sufficient change in circumstances *since the time of the stipulation*, and unless modification of the custody arrangement is in the best interests of the children' " (*Mathie v Mathie*, 65 AD3d

527, 529 [2009], quoting *Matter of Said v Said*, 61 AD3d 879, 880 [2009] [emphasis added]). In this case, the Family Court improperly considered testimony regarding events alleged to have occurred prior to the parties' stipulation of settlement (*see Matter of Guerra v Balistreri*, 49 AD3d 646, 647 [2008]; *Matter of Risman v Linke*, 235 AD2d 861, 861-862 [1997]). Even if this testimony is considered, the father did not demonstrate that there was a sufficient change in circumstances such that modification of the custody and visitation arrangement was in the best interests of the subject child. Thus, the Family Court erred in granting his petition, in effect, to modify the order of custody and visitation entered November 18, 2008, which was based upon the parties' stipulation of settlement, and, thereupon, terminating his child support obligation, effective September 1, 2010, on that basis.

The mother's remaining contention need not be addressed in light of our determination. Florio, J.P., Hall, Austin and Cohen, JJ., concur.