In the Matter of CHERRIE RETAMOZZO, Appellant, v DAVID MOYER, Respondent. (Proceeding No. 1.) In the Matter of DAVID MOYER, Respondent, v CHERRIE RETAMOZZO, Appellant. (Proceeding No. 2.) [938 NYS2d 142]—

"When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child" (*Matter of Giraldo v Gomez*, 49 AD3d 645, 645 [2008]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Hamed v Hamed*, 88 AD3d 791, 791 [2011]; *Matter of Said v Said*, 61 AD3d 879, 881 [2009]). "Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests" (*Matter of Steadman v Roumer*, 81 AD3d 653, 654 [2011]). "Although each

custodial parent's request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements" (*Matter of Said v Said*, 61 AD3d at 881; *see Matter of Tropea v Tropea*, 87 NY2d at 740-741). "Despite the multitude of factors that may properly be considered in the context of a relocation petition, 'the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern' " (*Matter of Martino v Ramos*, 64 AD3d 657, 657-658 [2009], quoting *Matter of Tropea v Tropea*, 87 NY2d at 739).

Here, the record contains a sound and substantial basis for the Family Court's denial of that branch of the mother's petition which was for permission to relocate from Brooklyn to Colorado with the subject child (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Matter of Clarke v Boertlein*, 82 AD3d 976, 977 [2011]). The testimony at the hearing revealed that, although the mother has been the primary custodial parent, both parents have a close and loving relationship with the child and have taken an active role in his upbringing and well-being. It is undisputed that, since the parties' separation, the father has had regular and frequent visitation, often for substantial periods of time at his home in Pennsylvania (*see Matter of Martino v Ramos*, 64 AD3d at 658; *Matter of Friedman v Rome*, 46 AD3d 682, 683 [2007]; *Matter of Huston v Jones*, 252 AD2d 502, 503 [1998]). During this time, the child has developed a strong and loving relationship not only with his father, but also with various members of the father's extended family. Accordingly, the mother failed to demonstrate by a preponderance of the evidence that the proposed relocation would be in the child's best interests (*see Matter of Martino v Ramos*, 64 AD3d at 658).

In addition, the mother failed to demonstrate that there was a sufficient change in circumstances since the time of the stipulation of settlement such that modification of the joint custody arrangement to award her sole legal custody was in the best interests of the child (*see Matter of DiCiacco v DiCiacco*, 89 AD3d 937 [2011]; *Mathie v Mathie*, 65 AD3d 527, 529 [2009]; *Matter of Risman v Linke*, 235 AD2d 861, 861-862 [1997]). More-

over, the record demonstrates that the parties are not so antagonistic, embattled, and unable to set aside their differences that they cannot make joint decisions for the good of the child (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]).

Contrary to the mother's contention, the Family Court's determination to modify the existing visitation arrangement was supported by a sound and substantial basis in the record. The father demonstrated that there had been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Peralta v Irrizary*, 76 AD3d 561, 562 [2010]; *see also* Family Ct Act § 652 [a]). Accordingly, the Family Court properly granted the father's petition to modify the visitation provision set forth in a stipulation of settlement dated November 30, 2007, so as to award him visitation on alternate weekends and to direct that the subject child must be left in the care of the paternal grandmother when both parties have military training or are both otherwise unavailable to care for the child.

The mother's remaining contentions are without merit. Florio, J.P., Chambers, Hall and Miller, JJ., concur.