*869 In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated June 18, 2012, as, without a hearing, denied those branches of her motion which were for permission to relocate with the parties’ children and for an award of counsel fees, and granted that branch of the plaintiffs cross motion which was for an award of counsel fees.
Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the defendant’s motion for permission to relocate with the parties’ children is granted, that branch of the plaintiffs cross motion which was for an award of counsel fees is denied, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on that branch of the defendant’s motion which was for an award of counsel fees and, thereafter, a new determination of that branch of the defendant’s motion.
The parties to this matrimonial action entered into a stipulation of settlement whereby they agreed to joint legal and residential custody of their five children, and which prohibited either party from relocating outside of Westchester County without “the advance consent of the other, which shall not be unreasonably withheld, or the Order of a court of competent jurisdiction.” Thereafter, the defendant sought to relocate to a residence in Greenwich, Connecticut. When the plaintiff refused to consent to the move, the defendant sought permission from the court to relocate. The Supreme Court denied the defendant’s motion without a hearing, and granted that branch of the plaintiffs cross motion which was for an award of counsel fees.
Contrary to the Supreme Court’s determination, the defendant did not violate the stipulation of settlement. Although the defendant signed a lease to rent a residence in Greenwich prior to obtaining the plaintiffs consent or a court order, she sought a court order prior to relocating to that residence (see generally Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990]; Rosenberger v Rosenberger, 63 AD3d 898, 899 [2009]).
“Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the [children’s] best interests” (Matter of Steadman v Roumer, 81 AD3d 653, 654 [2011]; Matter of Retamozzo v Moyer, 91 AD3d 957, 957 [2012] [internal quotation marks omitted]). “Although each custodial parent’s request for relocation must be decided on its own merits, the factors to be considered *870 include, but are not limited to, each parent’s reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children’s future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the children may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable visitation arrangements” (Matter of Said v Said, 61 AD3d 879, 881 [2009]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).
The Supreme Court improperly determined that relocation would not be in the children’s best interest. In that respect, the defendant averred that the residence in Greenwich was 7.5 miles from the former marital residence, and 9.9 miles from the residence at which the plaintiff planned to reside during his custodial periods with the children. The residence in Greenwich was also close to the private school the children attend. Moreover, the defendant averred that she had searched for suitable housing in Westchester County, but was unable to find any housing that she could afford. The plaintiff did not dispute any of these averments, did not claim that the relocation would have any impact whatsoever on his custodial time with the children, and did not offer any reason at all why the relocation would be contrary to the children’s best interest.
Under these circumstances, the Supreme Court possessed adequate relevant information to enable it to make an informed and provident determination with respect to the best interests of the children (see generally Matter of Shira L. [Zindel L.], 100 AD3d 998 [2012]), and, instead of denying that branch of the defendant’s motion which was for permission to relocate without a hearing, should have granted that branch of the motion, without a hearing (see Matter of Wisloh-Silverman v Dono, 39 AD3d 555, 556-557 [2007]; Matter of Said v Said, 61 AD3d at 881; see generally Matter of Tropea v Tropea, 87 NY2d 727 [1996]).
Accordingly, we reverse the order, grant that branch of the defendant’s motion which was for permission to relocate, deny that branch of the plaintiff’s cross motion which was for an award of counsel fees, and remit the matter to the Supreme Court, Westchester County, for a hearing and, thereafter, a new determination of that branch of the defendant’s motion which was for an award of counsel fees. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.