■ In the Matter of LOIS CARTER, Appellant, v JEFFREY CARTER, Respondent. [974 NYS2d 545]—

In a child custody proceeding pursuant to Family Court Act Article 6, the mother appeals from an order of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated November 2, 2012, which awarded the parties joint custody of the subject children

and denied her petition for permission to relocate with the subject children to Florida.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court did not err in determining that the mother failed to establish, by a preponderance of the evidence, that a proposed relocation to Florida would serve the subject children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Davis v Ogden*, 109 AD3d 539 [2013]; *Miller v Pipia*, 297 AD2d 362 [2002]). The court considered and gave appropriate weight to all of the relevant factors, including, but not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and each parent, the impact of the move on the quantity and quality of the children's future contact with the father, the degree to which the mother's and children's lives might be enhanced economically, emotionally, and educationally by the move, and the feasability of preserving the relationship between the father and children through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Hirtz v Hirtz*, 108 AD3d 712, 713 [2013]; *Matter of McBryde v Bodden*, 91 AD3d 781 [2012]). The impact of a move on the relationship between the children and the noncustodial parent is a central concern (*see Matter of Hirtz v Hirtz*, 108 AD3d at 713; *Matter of Eddington v McCabe*, 98 AD3d 613, 615 [2012]; *Matter of Retamozzo v Moyer*, 91 AD3d 957, 958 [2012]). The mother failed to establish that the proposed move would not have a negative impact on the children's relationship with the father.

Furthermore, the Family Court did not err in awarding the parties joint custody. Joint custody is appropriate where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion (*see Matter of Fowler v Rivera*, 296 AD2d 409 [2002]; *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325 [1994]). Here, although the parties have had disagreements, they have behaved in a relatively civilized fashion toward each other, and there is no evidence that they are so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the children (*see Matter of Retamozzo v Moyer*, 91 AD3d at 958-959; *cf. Matter of Wright v Kaura*, 106 AD3d 751, 751-752 [2013]; *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325 [1994]). There is a sound and substantial basis in the record for the court's determination that an award of joint custody was appropriate (*see Matter of Gonnard v Guido*, 108 AD3d 709 [2013]; *cf. Matter of Pavone v Bronson*, 88 AD3d 724 [2011]). Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.