In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated November 29, 2012, which, after a hearing, granted the mother’s petition to relocate to Michigan with the parties’ child.
Ordered that the order is affirmed, without costs or disbursements.
“When reviewing a custodial parent’s request to relocate, the court’s primary focus must be on the best interests of the child” (Matter of Giraldo v Gomez, 49 AD3d 645, 645 [2008]; see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; Matter of Hirtz v Hirtz, 108 AD3d 712, 713 [2013]; Matter of Hamed v Hamed, 88 AD3d 791, 791 [2011]; Matter of Said v Said, 61 AD3d 879, 881 [2009]). “Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child’s best interests” (Matter of Steadman v Roumer, 81 AD3d 653, 654 [2011]; see Matter of Hamed v Hamed, 88 AD3d at 791). “Although each custodial parent’s request for relocation must be decided on its own merits, the factors to be considered include, but are not limited to, each parent’s reasons for seeking or opposing the move, the quality of the relationships between the [child] and each parent, the impact of the move on the quantity and quality of the [child’s] future contact with the noncustodial parent, the degree to which the lives of the custodial parent and the [child] may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the *801 noncustodial parent and the [child] through suitable visitation arrangements” (Matter of Said v Said, 61 AD3d at 881; see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Retamozzo v Moyer, 91 AD3d 957, 957-958 [2012]; Matter of Hamed v Hamed, 88 AD3d at 791-792). In relocation determinations, this Court’s authority is as broad as that of the hearing court (see Matter of Hirtz v Hirtz, 108 AD3d at 713; Matter of Jennings v Yillah-Chow, 84 AD3d 1376, 1377 [2011]). Thus, a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record (see Matter of Clarke v Boertlein, 82 AD3d 976, 977 [2011]).
Upon weighing the relevant factors, we conclude that the Family Court’s determination has a sound and substantial basis in the record. The mother, who was seeking to relocate with the subject child from New York to Michigan, explained that she and the child were living in temporary housing provided by their church and that they were at risk of ending up in a shelter. They had been living in a two-bedroom apartment in a “pleasant” neighborhood in Rockville Centre, but could no longer afford that apartment because, among other things, they were not receiving any consistent or meaningful support from the father, who had recently been released from incarceration. In Michigan, the mother could afford a clean, modern, and spacious two-bedroom apartment, near public transportation, on her disability benefits alone. She had researched the school district the child would attend and the medical providers he would see, and testified to the assistance of a network of friends who had already demonstrated their willingness to provide her and the child with much needed support and stability. Although the father was no longer incarcerated, he had not been fully exercising his visitation rights and was not intimately involved in the child’s daily life. Moreover, although he had obtained employment several months before the instant petition was filed, the father only revealed this employment and began offering meaningful financial support after the mother proposed the move. In any event, the liberal visitation schedule, including extended visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the child (see Matter of Hirtz v Hirtz, 108 AD3d at 714; Matter of Jennings v Yillah-Chow, 84 AD3d at 1377). In addition, the position of the attorney for the child is that relocation is in the child’s best interests, and that position, since it is not contradicted by the record, is entitled to some weight (see Matter of Hirtz v Hirtz, 108 AD3d at 714; Matter of Hamed v Hamed, 88 AD3d at 792).
Accordingly, the Family Court properly granted the mother’s *802 petition to relocate to Michigan with the parties’ child.
Dickerson, J.E, Leventhal, Hall and Miller, JJ., concur.