■ In the Matter of ANDREW J. VERRINO, Respondent, v NICOLE BRIGHT, Appellant. (Proceeding No. 1.) In the Matter of NICOLE BRIGHT, Appellant, v ANDREW J. VERRINO, Respondent. (Proceeding No. 2.) [30 NYS3d 566]—Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered March 13, 2015. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was for permission to relocate with the subject child to Ohio.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who were never married to each other, are the parents of a son born in 2009. In 2011, the mother filed a petition seeking sole custody of the child and permission to relocate with him to Ohio. After a hearing, the Family Court granted that branch of the mother's petition which was for sole custody, and denied that branch of her petition which was for permission to relocate.

When reviewing a custodial parent's request for permission to relocate, the court's primary focus must be the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Steadman v Roumer*, 81 AD3d 653 [2011]). Here, the Family Court's determination that the subject child's best interests would not be served by relocating to Ohio was supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d at 739; *Matter of Karen H. v Maurice G.*, 101 AD3d 1005 [2012]; *Matter of McBryde v Bodden*, 91 AD3d 781 [2012]). Accordingly, the court properly denied that branch of the mother's petition which was for permission to relocate with the child to Ohio. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.