◼ In the Matter of RICHARD MORALES, Respondent, v MARGARET MICHELE SAVAGE, Appellant. [47 NYS3d 108]—

Appeal by the mother from an order of the Family Court, Kings County (Maria Arias, J.), dated September 1, 2015. The order, after a hearing, in effect, granted the father's petition for permission to relocate with the subject child to Florida.

Ordered that the order is affirmed, without costs or disbursements.

The parties have one child together. After a finding of neglect was made against the mother, the father was awarded sole

custody of the child. An order of protection was issued against the mother, and she was not awarded visitation. The father subsequently filed a petition seeking permission to relocate with the child to Florida. After a hearing, the Family Court, in effect, granted the father's petition for permission to relocate. The mother appeals.

When reviewing a custodial parent's request to relocate, the court's primary focus must be on the best interests of the child (*see Matter of Verrino v Bright*, 139 AD3d 962 [2016]; *Matter of Ortiz v Ortiz*, 118 AD3d 800 [2014]; *Matter of Steadman v Roumer*, 81 AD3d 653 [2011]). Relocation may be allowed if the custodial parent demonstrates, by a preponderance of the evidence, that the proposed move is in the child's best interests. In evaluating whether a proposed move will be in a child's best interests, the factors to be considered include, but are not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]).

Here, the father established by a preponderance of the evidence that relocation would be in the child's best interests. The mother was not granted visitation and currently does not have a relationship with the child, so the relocation will not affect that relationship. Additionally, the father and the child will have the support of close family members in Florida.

Accordingly, the Family Court providently exercised its discretion by, in effect, granting the father's petition for permission to relocate. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.