Matter of Michelle D. B. v Joseph A. B. (2023 NY Slip Op 01793)

Matter of Michelle D. B. v Joseph A. B.

2023 NY Slip Op 01793

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-01658
 (Docket Nos. V-3211-20/20A/21B)

[*1]In the Matter of Michelle D. B. (Anonymous), petitioner- respondent, 
v
Joseph A. B. (Anonymous), respondent- respondent; Gianna B. (Anonymous), nonparty-appellant. (Proceeding No. 1)
In the Matter of Joseph A. B. (Anonymous), petitioner- respondent, 
v
Michelle D. B. (Anonymous), respondent- respondent; Gianna B. (Anonymous), nonparty-appellant. (Proceeding No. 2)

Kelley M. Enderley, Poughkeepsie, NY, attorney for the child, the nonparty-appellant.
Joseph Petito, Poughkeepsie, NY, for petitioner-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), entered January 19, 2022. The order, insofar as appealed from, after a hearing, granted the father's petition to modify the custody provisions of the parties' judgment of divorce dated March 5, 2019, to the extent of awarding the parties joint physical custody of the child and providing that neither party had final decision-making authority for the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment of divorce dated March 5, 2019, which incorporated, but did not merge, a stipulation of settlement entered into by the parties on January 14, 2019. Pursuant to the stipulation of settlement, the parties agreed to share joint legal custody of the subject child, born in 2008, with the mother having final decision-making authority regarding medical and educational issues and primary physical custody, and the father having certain parental access. In October 2020, the mother filed a petition, inter alia, to modify the parental access provisions of the judgment of divorce. In March 2021, the father filed a petition to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the child. After a hearing and an in camera interview of the child, in an order entered January 19, 2022, the Family Court, among other things, granted the father's petition to the extent of awarding the parties joint physical custody of the child, and directed the parties to consult with each other on major issues relating to the child's health, education, or welfare, with neither party having final decision-making authority. The child appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Silla v Silla, 200 AD3d 1091, 1092 [internal quotation marks omitted]; see Matter of McKenzie v Williams, 165 AD3d 673, 674). "The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Mendez v Limas, 160 AD3d 866, 867; see Eschbach Eschbach, 56 NY2d 167, 172). While a child's wishes are to be considered in determining custody, they are not determinative (see Obey v Degling, 37 NY2d 768, 770; see generally Matter of Mondschein v Mondschein, 175 AD3d 686, 687). "Since custody and [parental access] determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the Family Court's findings. Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record" (Matter of Mendez v Limas, 160 AD3d 866, 867 [citation omitted]). 
Contrary to the child's contentions, under the circumstances of this case, the Family Court's determination awarding the parties joint physical custody of the child was supported by a sound and substantial basis in the record, and thus, should not be disturbed (see id. at 867). The evidence established that the now 15-year-old child has significant issues, as evidenced by a possible suicide attempt, hospitalization for mental health issues, vaping, acting out, having physical altercations with the mother, and failing classes in school. Notwithstanding the child's expressed preference to reside primarily with the father, as the court determined, it is in the child's best interest to have "the devoted and equal assistance and participation of both parents." Moreover, the parties' recognition of the child's problems and their willingness to cooperate and work together for her benefit, is demonstrated by a stipulation entered into by the parties prior to the hearing, in which they agreed to participate in coparenting therapy and to have the child attend counseling sessions (see generally Matter of Carter v Carter, 111 AD3d 715, 716).
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court