Matter of McFarlane v Sapeg (2024 NY Slip Op 01546)

Matter of McFarlane v Sapeg

2024 NY Slip Op 01546

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-01487
 (Docket No. V-191-22/22A)

[*1]In the Matter of Rohan Ricardo McFarlane, respondent,
v Jane Lauren Sapeg, appellant.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Ella A. Kohn, White Plains, NY, for respondent.
Joan Iacono, Scarsdale, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated January 10, 2023. The amended order, insofar as appealed from, after a hearing, granted the father's petition to modify the custody provision of the parties' judgment of divorce to the extent of awarding the parties joint legal custody of their child, with final decision-making authority regarding educational issues to the father.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2014. Pursuant to the parties' judgment of divorce entered in 2017, the mother was, in effect, awarded sole legal and physical custody of the child, with parental access to the father. In 2020, the father filed a petition pursuant to Family Court Act article 6 seeking to modify the custody provisions of the judgment of divorce so as to award the parties joint legal and physical custody of the child. The Family Court, after a hearing, inter alia, granted the father's petition to the extent of awarding the parties joint legal custody of the child, with final decision-making authority regarding educational issues to the father. The mother appeals.
The Family Court properly modified the custody provisions of the judgment of divorce so as to award the parties joint legal custody. "Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (Matter of Boodhoo v Rampersaud, 122 AD3d 624, 625), based on the "totality of the circumstances" (Matter of Bonthu v Bonthu, 67 AD3d 906, 907; see Eschbach v Eschbach, 56 NY2d 167, 171). "Joint custody reposes in both parents a shared responsibility for and control of a child's upbringing and is appropriate between relatively stable, amicable parents [who behave] in [a] mature [and] civilized fashion" (Matter of Argila v Edelman, 174 AD3d 521, 523 [internal quotation marks omitted]). "As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the character and credibility findings of the Family Court will not be disturbed [*2]unless they lack a sound and substantial basis in the record" (Matter of Cusano v Coitino, 155 AD3d 722, 723).
Here, the Family Court's determination had a sound and substantial basis in the record. The father established that there had been a change in circumstances such that modification of the custody provisions of the judgment of divorce so as to award the parties joint legal custody was necessary to ensure the best interests of the child (see Matter of Argila v Edelman, 174 AD3d at 524; Matter of Carter v Carter, 111 AD3d 715, 716). There was also a sound and substantial basis for the court's determination awarding the father final decision-making authority regarding educational issues (see Matter of Steingart v Fong, 156 AD3d 794, 796; Matter of E.D. v D.T., 152 AD3d 583, 584). Contrary to the mother's contention, the evidence does not reflect that the parties were so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the child (see Matter of Carter v Carter, 111 AD3d at 716).
The mother's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court